UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | Cv. No. DR:13-CR-00173-DAE |
| § | |
| vs. § | |
| § | |
| RANDY RENE ROSAS, § | |
| § | |
| Defendant. § | |

ORDER GRANTING DEFENDANT'S MOTION TO PRESERVE
EVIDENCE AND WEIGH ALLEGED CONTROLLED
SUBSTANCE AND WRAPPINGS

Before the Court is Defendant Randy Rene Rosas's Motion to Preserve the Evidence and Weigh Alleged Controlled Substance and Wrappings. (Doc. # 16.) After reviewing the Motion and the supporting and opposing memoranda, the Court, for the reasons that follow, **GRANTS** Defendant's Motion.

BACKGROUND

On or about January 18, 2013, Defendant Randy Rene Rosas ("Defendant") was apprehended at the Eagle Pass Port of Entry as the passenger of a vehicle containing cocaine. (Doc. # 1.) The Criminal Complaint alleged that the total weight of the cocaine was 5.2 kilograms. (Id.) On March 14, 2013, defense counsel received the DEA laboratory report indicating that the net weight of the

1

cocaine was 5.074 kilograms.  (Doc. # 16 at 1.)  On March 18, 2013, Defendant filed the Motion to Preserve the Evidence and Weigh Alleged Controlled Substance and Wrappings that is now before the Court (doc. #16), requesting "that the government be ordered to preserve the evidence, and that Defendant be able to conduct his own weighing of the alleged cocaine, through his attorney and/or a Federal Public Defender investigator, but separating all the wrapping from the alleged cocaine to get an exact weight of each."  (Id. at 3.)  On March 18, 2013, the Government filed a Response in opposition to Defendant's Motion, insisting that a DEA chemist had "weighed and analyzed the controlled substance according to standard practices of the DEA lab" and that "[a] 'reweigh' of the contraband would be unnecessarily duplicative . . . ."  (Doc. # 17 at 1–2.)

## DISCUSSION

In a case involving a controlled substance, a defendant's guideline imprisonment range under the Federal Sentencing Guidelines is determined primarily by the quantity of the controlled substance involved.  See U.S.S.G. § 2D1.1.  Moreover, certain quantities of controlled substances trigger mandatory minimum sentences.  For example, if a defendant possessed 500 grams or more of cocaine, federal law provides that he "shall be sentenced to a term of imprisonment which may not be less than 5 years . . . ." 21 U.S.C. § 841(b)(1)(B)(ii)(II) (emphasis added).  If he possessed five kilograms or more,

that mandatory minimum jumps to ten years. 21 U.S.C. § 841(b)(1)(A)(ii)(I). In many (if not most) drug cases, then, the weight of the controlled substance is the single most significant factor in a defendant's sentence. See United States v. Cabrera, 567 F. Supp. 2d 271, 275 (D. Mass. 2008) (opining that the Sentencing Guidelines "over-emphasi[ze]" the importance of drug quantity and under-emphasize factors such as a defendant's role in the offense); United States v. Diaz, 11-CR-00821-2 JG, 2013 WL 322243, at *1 (E.D.N.Y. Jan. 28, 2013) (noting that the Sentencing Guidelines "are driven by drug type and quantity").

Defendant has been charged with "unlawfully, knowingly, and intentionally possess[ing] with intent to distribute, and import or cause to be imported a quantity of cocaine . . . in violation [of] Title(s) 21 United States Code, Section(s) 841(a)(1), and 952." (Doc. # 1.) If Defendant is found guilty of an offense under 21 U.S.C. § 841 involving more than five kilograms of cocaine, the mandatory minimum sentence is ten years; but if he is found guilty of the same offense involving less than five kilograms of cocaine, the mandatory minimum is just five years. 21 U.S.C. § 841(b)(1)(A)(ii)(I), (b)(1)(B)(ii)(II). The same is true of convictions under 21 U.S.C. § 960(b)(1)(B)(i) and (b)(2)(B)(i).

The Criminal Complaint alleged that the total weight of the cocaine was 5.2 kilograms. (Id.) The DEA report, however, indicated that the total weight was 5.074 kilograms. (Doc. # 16 at 1.) Defendant does not appear to contest the

Government's contention that the substance he is accused of possessing is indeed cocaine; however, he seeks to have the drugs re-weighed in order to assess his sentencing exposure.  (Doc. # 16.)  The Government opposes Defendant's Motion, but it does not cite any authority in support of the idea that a defendant should not be permitted, before trial, to independently verify the weight of the controlled substance he is charged with possessing; it argues only that "[a] 'reweigh' of the contraband would be unnecessarily duplicative . . . ."  (Doc. # 17 at 1–2.)

Rule 16 of the Federal Rules of Criminal Procedure, entitled "Discovery and Inspection," provides, in pertinent part:

> Upon a defendant's request, the government **must** permit the defendant to inspect . . . tangible objects . . . if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E) (emphasis added).  There is no question that the cocaine falls under the purview of Rule 16(a)(1)(E), because it is a tangible object that is within the Government's possession, custody, or control, and the Government intends to use it in its case-in-chief.  Fed. R. Crim. P. 16(a)(1)(E)(ii).  Moreover, the cocaine was allegedly obtained from the Defendant when the car he was riding in was pulled over.  Fed. R. Crim. P. 16(a)(1)(E)(iii).  The Court can see no reason why Defendant should not be permitted—at least in circumstances such

as these, where the weight is so close to the mandatory minimum cut-off—to inspect a critical piece of evidence that will be used against him at trial; and the Government has provided none.

The fact that the Government weighed the cocaine twice and got two different results—first 5.2 kilograms and then 5.074 kilograms—also weighs in favor of a finding that Defendant should be permitted to verify the weight before going to trial.  The Fifth Circuit has stated that "[f]undamental fairness is violated when a criminal defendant on trial for his liberty is denied the opportunity to have an expert of his choosing, bound by appropriate safeguards imposed by the Court, examine a piece of critical evidence whose nature is subject to varying expert opinion."  Barnard v. Henderson, 514 F.2d 744, 746 (5th Cir. 1975); see also United States v. Butler, 988 F.2d 537, 543 (5th Cir.), cert. denied, 510 U.S. 956 (1993) ("In cases involving a controlled substance, a concomitant part of the examination or inspection [permitted by Rule 16] [is] the right of the accused to have an independent chemical analysis performed on the seized substance.") (internal quotation marks omitted).  As the District Court for the Western District of North Carolina concluded in an almost identical situation, "the previous conflicting weights obtained by the Government show . . . that the weight of the cocaine is 'evidence whose nature is subject to varying expert opinion.'"  United States v. Sanders, CRIM. 1:08CR7, 2008 WL 1944237, at *2 (W.D.N.C. May 1,

2008) (quoting Barnard, 514 F.2d at 746).  The Sanders court held "that Rule 16, along with the fundamental principles of fairness referenced in Barnard, require that Defendant be allowed to inspect the cocaine for the purpose of re-weighing the substance."  Id.; see also United States v. McClure, 3:07-CR-29, 2009 WL 1256895, at *2 (E.D. Tenn. Apr. 30, 2009) (holding that where the government had provided conflicting weights, defendant was entitled to have "his own independent expert weigh the drug evidence").  This Court agrees.  Just as the Fifth Circuit held that the defendant in Barnard did not have to take the Government expert's word on a ballistics analysis, Defendant is entitled to conduct an independent weighing of the cocaine he is charged with possessing—especially where that weight will directly affect his sentence.  In this case, as in McClure, "[t]he government's argument that the re-weighing of the evidence would be a waste of resources discounts the defendant's right to fundamental fairness in the proceedings."  2009 WL 1256895, at *2.

   Accordingly, both under Rule 16 and in furtherance of the fundamental principles of fairness described by the Fifth Circuit in Barnard, the Court concludes that Defendant is entitled to have his own independent expert weigh the drug evidence, subject to the safeguards imposed by the Court.

CONCLUSION

For the reasons given, Defendant's Motion to Preserve the Evidence and Weigh Alleged Controlled Substance and Wrappings (doc. # 16) is **GRANTED**.

**IT IS HEREBY ORDERED** that the Government shall preserve the evidence and shall permit defense counsel and/or a Federal Public Defender investigator to weigh the alleged cocaine at the government facility in which it is currently being preserved or at another reasonable and appropriate location of the Government's choosing.  A Government agent shall be present at all times during the weighing and shall recoup the alleged cocaine afterward.

The Court notes that this case is set for trial on May 20, 2013.  **IT IS FURTHER ORDERED**, therefore, that all due speed be employed to complete the re-weighing permitted by this Order, as it is the intention of the Court to dispose of this matter at its current setting.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, April 1, 2013.

_____
David Alan Ezra
Senior United States District Judge